## ALLEN *against* SAWYER.

Where lands are taken at the appraisement in the Orphans' Court, and a recognizance entered into to secure to the heirs their proportions of the valuation money, and the heir who takes, sells the land taken; and the recognizees suffer twenty years to elapse without any proceeding on their part on the recognizance, or claim as against such purchase, the lands so taken and sold, are by such lapse of time discharged from such recognizance, although payment on such recognizance may have been made within that period; by the heir who took the land at the appraisement.

Where a covenant was made in articles of agreement to convey a tract of land, so taken and incumbered, clear of incumbrances, and the vendee, with a full knowledge of such incumbrance, enters into possession, and pays his purchase money, and takes a deed for the land; and subsequently within twenty years after such recognizance was entered, brings an action of covenant on the article, assigning as a breach, that the vendor did not make him a deed clear of incumbrances, and at the time of the trial, twenty years had elapsed from the entering of the recognizance, whereby his land was discharged: in such case the vendor would be entitled to recover nominal damages only; and if a deed had not been given, a proper verdict would be to find for the plaintiff, a sum sufficient to compel the vendee to make a deed, to be released on a deed being made.

Where the plaintiff has only entitled himself to claim nominal damages, and the jury find a verdict for the defendant, the court will not set it aside, unless the question of right or title to property of value, should be involved in the suit, and affected by the verdict.

This cause was brought by the defendant below to this court, by appeal from the judgment of the Circuit Court of *Dauphin* county, setting aside a verdict in his favor, and awarding a new trial.    It was an action of covenant by the plaintiff *Sawyer*, on an article of agreement, dated the 7th *February*, 1812, between *Wallace* and *Allen*, and the said *Sawyer*.    The said *Wallace* and *Allen*, by virtue of the powers and authorities vested in them by the last will of *David Elder*, "covenant and agree, that they, on or before the first day of May next, will at the proper cost and charges of the said *John Sawyer*, his heirs and assigns, by such deeds of conveyance as he or they, or his or their counsel, shall advise, well and sufficiently grant, convey, and assure unto said *John Sawyer*, his heirs, and assigns, in fee-simple clear of incumbrances, all that," &c.    Describing one tract of 157¾ acres; and another of 92 acres. *Sawyer* covenanted to pay ten dollars per acre for the larger tract, and five dollars per acre for the other, in manner following, viz: one thousand dollars on the 1st of *May* next, and the residue in three equal annual payments on the 1st of *May* in each year.

"And it is further considered by the parties, that the law suit now depending for the 157¾ acres, shall be carried on by the executors of said *David Elder*, deceased, at the costs and charges of said *David Elder*; and the said *John Sawyer* hereby agrees to take the risk upon himself."

### (Allen v. Sawyer.)

The whole purchase money had been paid, and this suit was brought against *Wallace* and *Allen*, individually, (*Wallace* being dead, it was prosecuted against the survivor,) to recover back the purchase money and interest. The breach assigned was that they had not executed to the plaintiff a deed in fee-simple, clear of incumbrances.

The witness to the articles was examined, and proved that he drew a deed in pursuance of the article, from *Wallace* and *Allen*, executors, &c. to *John Sawyer*, which was acknowledged the same day, and that *Sawyer* was present.

And another witness proved, that *Sawyer* told him, that he had the deed, and took it away, but returned it the same day; that he said something about releases not being given. No one could tell who paid for drawing the deeds, for there was one for each tract. Evidence was also given of the death of *Bartram Galbraith*, and the situation of his estate, as the same is detailed in the preceding case of *Getz* v. *Allen*, and the same points were made here as in that case.

On the 23d *February*, 1822, the plaintiff gave *Wallace*, the now deceased executor, notice in writing, demanding a deed with a covenant of general warrantee, against all incumbrances in law or equity, and releases from all the heirs and legal representatives of *Galbraith*, stating an interest in the widow of *D. Elder*, as one of the heirs of *Galbraith*; or that the title papers might be delivered to him, and that he would draw such a deed. The plaintiff had been in possession of the land for many years past; except about sixty acres of the 157¾ acre tract, which was held adversely by one *Taylor*, against whom an ejectment had been brought, which was pending when the article was made, as to which there was the special provision contained in the article, and it was still pending. This suit was brought on the 27th of *May*, 1822. The Circuit Court charged the jury, that whether a deed had been delivered to the plaintiff, was a matter of fact to be decided by them; that if it had not been, they should find for the plaintiff a sum sufficient to compel the defendant to make a conveyance; but if they should find that a deed had been made, they ought only to find nominal damages, which the plaintiff was entitled to recover, because satisfaction had not been entered on the recognizance of *David Elder*; and that when suit was brought, time sufficient since that recognizance had been entered into, had not elapsed to raise a presumption of payment. There was, therefore, a cause of action, although no real damage had been sustained. The jury found a verdict for the defendant, who moved for a new trial.

A new trial was granted on the ground, that the verdict was con-

(Allen *v.* Sawyer.)

trary to the charge of the court, and that at all events, there must be a verdict for nominal damages for the plaintiff.

The defendant appealed, and his counsel certified their belief, that where the plaintiff had no other cause of action, than that which arose from mere nominal damages, and where he had never been subjected to injury or damage of any kind, and had sued to get rid of a fair honest contract without cause, on principles of law and justice, the verdict should have gone into effect. They assigned the following reasons against the order of the court, granting a new trial:

1. Because an application for a new trial, is an application to the judicial and equitable powers of the court, which are never moved to act in destruction of the verdict, where it is supported by the equity and justice of the case, as this verdict is.

2. That where the objection is as in this case, that the plaintiff is entitled, as alleged to recover nominal damages, the court will not in the exercise of their discretion, set aside the verdict, founded on the equity of the case, to open the way to litigation, equally unprofitable and expensive to both parties.

3. Because the plaintiff was not entitled even to nominal damages, as he has stated no cause of action in his declaration:

1. Because he has misconceived his suit, which is personal against defendants, when it should have been against them as executors.

2. Because there is no breach assigned in the declaration, nor any deed tendered or offered by plaintiff to defendant to execute, nor any evidence given of it.

3. Because there was no breach of articles proved, nor damages sustained by plaintiff: but on the contrary, the evidence established that defendants had performed their covenants.

A question occurred on the argument here as to the right of the appellee, to discuss the reasons assigned by him in the Circuit Court, other than that upon which the new trial was granted; and it was held by this court, that if the appellee could sustain any of these reasons, the order for a new trial should stand. These reasons were the same as those which were assigned in the case of *Getz* v. *Allen* last reported, and are fully argued in that case; the argument is therefore not reported here.

*Hopkins* for the appellant.

Although in strict law, the plaintiff might have been entitled to a verdict for nominal damages, if the jury find for the defendant, the court would not set aside the verdict. *Smith* v. *Banson,* 2

42

*Salk.* 644, 646.   In a hard action the court will not interfere.
*Deerby* v. *the Dutchess of Mazerine, Salk.* 646.

She was a married woman, and pleaded her coverture which was
sustained.   The jury disregarded the legal defence, justice being
plainly with the plaintiff, and the court refused a motion for a new
trial.   So where the value of the matter in controversy was small.
*Farwell* v. *Sheaffey,* 1 *Bur.* 52.   *Burton* v. *Thompson,* 2 *Bur.*
664.   *Macrow* v. *Hull,* 1 *Bur.* 11.   A verdict on the honest side of
a case, will not be set aside on a technical exception.   *Goffin* v.
*Wilcox,* 2 *Wilson,* 307.   *Ralston* v. *Cummins,* 2 *Yeates,* 436.   3
*John. R.* 239, 528.

*J. A. Fisher,* for the appellee,

Contended that the present case did not fall within the principle
of any of the cases referred to by the appellant.

Here at all events there was a clear cause of action at the time
when this suit was brought in the aspect in which it had been con-
sidered by the court, although he argued that lapse of time had in
no way affected this right, inasmuch as payments had been made
on the recognizance, by the executors to the heirs, yet if by that
lapse of time, it should be considered that this recognizance was
satisfied as respects the purchaser, still it was most unjust to suffer
the obstinacy of the jury to prevail against the direction of the
court, and cast upon the plaintiff the payment of the costs of suit,
which amounted to a large sum.

The opinion of the court was delivered by

KENNEDY, J.—The learned judge before whom this cause was
tried in the Circuit Court, is now satisfied that a new trial ought
not to have been granted because the jury did not find nominal dam-
ages in favor of the plaintiff instead of giving a verdict generally
for the defendant.   Indeed it has been long since well settled, by
numerous authorities, that when the plaintiff has only entitled him-
self to claim nominal damages, and the jury find a verdict for the
defendant, that the court will not set it aside and grant a new trial,
unless the question of right or title to property of value should be
involved in the suit, and affected by the verdict.   Suits are not to
be encouraged for the purpose of gratifying a mere litigious dispo-
sition; but to promote justice by restoring parties to the enjoyment
of those rights of which they have been deprived, and redressing
those real injuries which they shall have sustained.   It would be
even an injury, or at least attended with a loss to the plaintiff, to
grant him a new trial, when the jury have found a verdict against
him in a case in which at most he is only entitled to recover nominal

(Allen *v.* Sawyer.)

damages. It will only be done on payment of the costs and the recovery of nominal damages cannot possibly compensate him for the loss of time, and ordinary expenses which he must necessarily incur in the prosecution of a second trial. Hence, courts have uniformly refused to grant new trials for such causes; as it would be to promote injury and injustice instead of justice.

Before, however, this court will reverse the decision of the Circuit Court, in setting aside the verdict and granting a new trial, it becomes necessary to consider and decide upon the other reasons assigned there by the plaintiff, for asking a new trial of the court; and if any of them should be found sufficient to justify the order, for a new trial, it ought to stand.

The testator, *David Elder,* had taken the land in question, under a decree of the Orphans' Court of *Dauphin* county, as part of the estate of *Bartram Galbraith,* deceased, in right of his wife, who was one of the heirs of *Galbraith,* and the same reasons were filed for a new trial in this cause by the plaintiff's counsel, that were filed in two other causes, on behalf of *Martin* and *Henry Getz,* defendants, at the suit of *James Wallace* and *William Allen,* plaintiffs, which were argued before this court at the same term with the present. The opinion of this court has been delivered in these cases, and it is believed that upon reference to it, the insufficiency of those reasons will clearly appear. The questions of law raised by the counsel for the plaintiff, in this case are thus fully answered.

There is perhaps some little difference between this and the other causes, but if there be it will be found to make nothing in favor of the plaintiff's claim in this. In those actions the plaintiff's claims were founded upon bonds which had been given to them agreeably to the understanding of the parties, and articles of agreement entered into previously between them, for the sale of land therein mentioned. These bonds were given to secure a part only of the purchase money of the land, after three hundred and fifty pounds had been paid by the defendants, and on the same day of the date of a deed of conveyance of the land by the plaintiff to them, with a full knowledge on the part of the defendants therein, at and from the time of the original contract throughout, of all the liens and incumbrances complained of on the trial of the causes.

In the present action the plaintiff, after having entered into articles of agreement for the purchase of the land in question, with a like knowledge on his part of the incumbrances, and after having paid the whole of the purchase money, and the greater portion of it some years after he was to have had a deed of conveyance for the land according to the articles of agreement, has brought his action upon these articles of agreement to recover back the whole

(Allen v. Sawyer.)

of the purchase money so paid with interest, because as he alleges
the defendants did not make a deed for the land clear of incum-
brances.   The purchase money, as it appeared upon the trial, which
had been received by the defendants of the plaintiff, had been faith-
fully applied towards extinguishing the incumbrances complained
of.   The defendants alleged on the trial of this. cause, and gave
some evidence of it too, that they had executed and delivered to
plaintiff a deed conveying the land to him in fee simple, and with
the exception of about sixty acres of the 157¾ acre tract which
was held adversely by one *Taylor*, against whom an action of
ejectment had been brought by the defendants, and which was pen-
ding at the time of the purchase, and is provided for, specially in
the articles of agreement, that the plaintiff had been in the posses-
sion of the residue for many years past, by a person who obtain-
ed his license for that purpose.   It was not pretended by the plain-
tiff on the trial that any proceeding had been had upon the recog-
nizance against him, or that he was even threatened with it.   Nor
did it appear that any claim had been made upon this recogni-
zance for more than twenty years previous to the trial, nor were
any circumstances given in evidence to rebut the presumption
of payment which arose from this lapse of time.   Neither was
it alleged in his declaration that he had been injured or affected
in any way by this recognizance, or any other pretended in-
cumbrances.   The breach assigned by him in his declaration was
simply that the defendants did not convey and assign the land in
fee simple, clear of all incumbrances to him, according to the form
and effect of the articles of agreement.   The defendants plead that
they had performed their contract in this respect, that is, that they
had made such a conveyance and assurance of the land to the plain-
tiff; and evidence having been given on the trial of the cause by
the defendants of their executing and delivering a deed, it was pro-
perly left as a matter of fact by the Circuit Court to the jury, to
determine whether the defendants had conveyed or not; and if they
should find that the defendants had not conveyed, that then they
ought to find for the plaintiff against the defendants, a sum suffi-
cient to compel him to make a deed, to be released on a deed being
made and filed in the Circuit Court, within some reasonable time,
to be fixed by them; but if they should find that the defendants had
conveyed the land to the plaintiff, then they ought only to find no-
minal damages inasmuch as at the time of commencing the suit no
satisfaction had been entered on the recognizance, nor positive and
direct evidence produced of its having been all paid, and time suffi-
cient had not elapsed to raise a presumption to that effect; and that
there was therefore cause of action although no real injury had
been shown to have been sustained.   It does appear to me that the

(Allen *v.* Sawyer.)

charge of the court to the jury was as favorable to the plaintiff as he had any right to claim. The jury, under this charge of the court, must have been convinced, from the evidence given on the part of the defendants, that a deed of conveyance for the 157¾ acre tract of land, was executed and delivered by the defendants to the plaintiff. By this deed of conveyance the plaintiff is invested now for aught that appears to the contrary, with the title which *David Elder* the testator had for this land discharged from all in- cumbrances created, done or suffered by him or the defendants. More than this, it would seem from the articles of agreement he had no claim to; for as to incumbrances arising from titles para- mount to that of *David Elder,* the plaintiff was willing to take at his own risk. The order of the Circuit Court which set aside the verdict of the jury and granted a new trial is reversed, the verdict for the defendants reinstated, and judgment of this court entered upon the same.